IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.  4:20-cr-110 |
|  | ) |  |
| v. | ) |  |
|  | ) | GOVERNMENT'S RESPONSE TO |
| ALLISON DANIELLE DOYLE, | ) | DEFENDANT'S MOTION TO |
|  | ) | MODIFY CONDITIONS OF |
| Defendant. | ) | RELEASE |
|  | ) |  |

COMES NOW, United States of America, by and through the undersigned counsel, and states to the Court:

1.    On July 14, 2020, a United States Grand Jury returned a one-count Indictment charging Defendant with Sale or Transfer of a Firearm to a Prohibited Person, in violation of 18 U.S.C. §§ 922(d) and 924(a)(2).  The indictment specifically named the prohibited person, to whom Defendant sold or transferred the firearm, as Raysean Howard Nelson.

2.    On July 20, 2020, the Court entered an Order releasing Defendant on conditions of pretrial supervision.   (DCD 12.)   Those conditions included that Defendant specifically avoid all contact with any known C-Block or Heavy Hitta gang member, including Raysean Nelson.  (*Id.* at 2.)  Defendant signed the conditions and agreed to be abide by the terms.

3.    On September 14, 2020, Defendant filed a motion to modify conditions of pretrial release.  (DCD 27.)  In that motion, Defendant claims that Raysean Nelson is the father of her unborn baby and that she would like to have contact with Nelson "for purposes of the well-being and birth of their child."  (*Id.*)  Defendant argues that

1

these communications can be monitored through the Polk County Jail recording system. (*Id.*) Defendant noted that she is also agreeable to her mother monitoring those communications, or a different third-party. (*Id.*)

4.     The government resists Defendant's request to have contact with Mr. Nelson. Defendant is a key fact witness in Mr. Nelson's case, and Mr. Nelson in Defendant's case. Additionally, the facts underlying Defendant's case essentially involve Defendant's communication and coordination with Mr. Nelson to fabricate a story regarding the firearm found in their apartment. This occurred, at least in part, while Defendant was incarcerated at the Polk County Jail. Therefore, recording of their communication via the Polk County Jail system seems to do nothing to stop their behavior.

5.     While the government is sympathetic to the situation here, communication between Defendant and Mr. Nelson could significantly harm the government's case, should either Defendant or Mr. Nelson proceed to trial. Pretrial communication of witnesses in any situation opens up a multitude of issues on cross examination. But, this is even more true in a case like this, where communication between parties was a primary issue underlying the instant offense.

6.     The government would be agreeable to Defendant communicating with Mr. Nelson about the baby through her attorney, Mr. Paul Statler. That is— Defendant could tell Mr. Statler what she wished to tell Mr. Nelson about the baby, and Mr. Statler could communicate that information to Mr. Nelson. However, the

government opposes any sort of direct communication between Defendant and Mr. Nelson.

WHEREFORE, the government requests the Court deny Defendant's motion to modify her release conditions to allow contact with Raysean Nelson.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By:    /s/ *Kristin M. Herrera*
Kristin M. Herrera
Assistant United States Attorneys
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Kristin.Herrera@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on September 21, 2020, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery
___X__ECF/Electronic filing ____Other means
UNITED STATES ATTORNEY
By:  /s/ *Kristin M. Herrera, AUSA*